

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0928-20

**IJAH IWASEY BALTIMORE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

**HERVEY, J., delivered the opinion of the Court in which RICHARDSON, NEWELL, KEEL, WALKER, SLAUGHTER, and MCCLURE, JJ., joined. KELLER, P.J., and YEARY, J., dissented.**

## O P I N I O N

Appellant, Ijah Baltimore, was convicted of unlawful carrying of a handgun in November 2016.[1] TEX. PENAL CODE § 46.02 (2020). His offense was enhanced from a Class A misdemeanor to a third-degree felony because the jury found that he committed the offense on premises of an establishment licensed to sell alcoholic beverages. *Id.*

---

[1]Since the time of the offense, Section 46.02 has since been significantly amended. Act of May 27, 2021, 87th Leg., R.S., ch. 809, § 22, 2021 Tex. Sess. Law Serv. 1962, 1974.

§ 46.02(c). Appellant appealed, arguing that the evidence was insufficient to show that he was on the premises of an establishment licensed to sell alcohol. *Baltimore v. State*, 608 S.W.3d 864, 865 (Tex. App.—Waco 2020). The court of appeals overruled his point of error. *Id.* at 867.

We granted Appellant's petition for discretionary review to address the court of appeals's holding that the evidence was sufficient. After we granted review, however, this Court decided *Curlee v. State*, 620 S.W.3d 767, 785 (Tex. Crim. App. 2021). In *Curlee*, the State asked a police officer whether a playground was open to the public, and without further elaboration, the officer responded, "It is open to the public." *Id.* at 784. We held that the officer's opinion "was a factually unsupported inference or presumption" "[a]bsent the bases upon which [his] opinion was formed . . . ." *Id.* at 785. It appears that *Curlee*, which the court of appeals did not have the benefit of, might apply to the testimony about whether Appellant was on "premises" licensed to sell alcoholic beverages. Accordingly, we vacate the judgment of the court of appeals and remand this case for reconsideration in light of *Curlee*.

Delivered: October 6, 2021

Publish